IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 13-20132-01-KHV |
| SCOTT M. THARIO, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On November 12, 2014, the Court sentenced defendant to 157 months in prison. This matter is before the Court on defendant's pro se Motion For Reduction Of Sentence Under Amendment 821 Part B Of The 2023 Criminal History Amendment Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #38) filed February 9, 2024. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant

must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines reduces the total offense level for certain defendants with zero criminal history points. The Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated. U.S.S.G. § 1B1.10(d). Defendant has zero criminal history points. See Presentence Investigation Report (Doc. #24) filed August 4, 2014, ¶ 43. Defendant is not eligible for relief under Amendment 821, however, because he possessed a firearm in connection with his offenses. See U.S.S.G. § 4C1.1(a)(7) (adjustment for certain zero-point offenders applies only if "defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"); Judgment (Doc. #29) filed November 14, 2014 at 1 (defendant pled guilty to armed bank robbery and possessing firearm in furtherance of crime of violence). Accordingly, the Court dismisses defendant's motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reduction Of Sentence Under Amendment 821 Part B Of The 2023 Criminal History Amendment Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #38) filed February 9, 2024 is **DISMISSED**.

Dated this 6th day of March, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge